Nott J.
That the minors -in this case have been deprived of their patrimony;, without the means or power to protect, it is most manifest. The law considers them incompetent to protect their own interests. The mere nomination of a guardian to act in their behalf, without even giving him notice of his appointment, was worse than mockery. The appointment oí a guardian is not a mere nominal thing; it Is intended to afford substantial protection to those who are unable to protect themselves.1 The guardian should have had notice of his appointment, and his consent to take upon himself the execution of the trust, iii'order that the minors through him might become parties to the proceeding. — - Without such notice, the whole procedure with regard to them must be considered as ex parte: And our system of jurisprudence must be miserably defective, if it does not fur.nish the means of correcting such an error. The opinion that the injured parties are remediless, cannot be sustained; and the only question is what is the best method by which redress can be obtained? It is tobe presumed that a court of equity could not afford relief. That court will not undertake o unravel the proceedings of a court of law. It will leave that court to judge of its own proceedings and to correct its ©wn errors. In England if a judgment in the King’s Bench be erroneous, in matter of fact only,it maybe reversed in the same court by a writ of error, cor am' nobis .(b.) Such a iyrit has never been attempted to be brought in this state that I am aware of. The object, however, lias frequently been attained by the more simple and equally efficacious process which has been resorted to in this cáse. In the case of Moo~ neyv s. Welsh, (1 Const. Rep. 133,) the judgment was set aside several years after it had been entered up, on the ground *22 that the verdict andjudgment exceeded the damages in the writ. That, to be sure, was an error apparent on the face of the proceedings: But the only question- is as to the method of bringing the question before the- court. That being settled, the subsequent proceedings, whether it be an error in law or fact, may be the same as in the proceeding by writ of error. But there is another ground in tins case. It has not been re? lied on by the counsel; but in a case where such manifest injustice has been done, it would be culpable in the court not to give the parties the benefit of it. It is not alleged by the plaintiffs that-tbeir ancestor died intestate; nor does that appear in any part of the proceedings. It does not, therefore, appear that the court had any authority to order a sale of the land; for it is only in- case of intestacy that such power is delegated to the court bf common pleas. To that point the case of Spann and Blocker, (2 Nott & M'Cord, 593.) is a direct authority.
The motion, therefore, is granted.

.b) See the opinions and arguments i.n the case of Brailsford vs. Surtell, (2 Bay, 333.)